IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Cr. No. 24-cr-61 JJM-PAS |
| ) | |
| ) | |
| JESSICA ABREU, | |
| Defendant | |

# GOVERNMENT'S TRIAL MEMORANDUM

I.     CRIMINAL CHARGE

Count I: International Parental Kidnapping

The defendant, Jessica Abreu, is charged with International Parental Kidnapping in violation of 18 U.S.C. § 1204. The elements of that offense are:

1. On or about May 25, 2022, the defendant knowingly removed any of five minor children, N.A. (YOB 2008), N.A. (YOB 2011), J.A. (YOB 2014), J.A. (YOB 2017), or Y.A. (YOB 2019), from the United States to a place outside the United States; and

2. The defendant did so with the intent to obstruct V.A.'s lawful parental rights.

II.     FACTUAL SUMMARY

The government directs the court to its Motion *in Limine* filed on June 9, 2025, in which it set forth a factual summary of this case.

III.     LEGAL ISSUES

       A.   Certified Domestic Records of Regularly Conducted Activity Pursuant to Federal Rules of Evidence 803(6) and 902(11), and Certified Public Records Pursuant to

1

Federal Rules of Evidence 803(8) and 902(4)

Federal Rule of Evidence 803(6) allows for records of a regularly conducted business activity to be admissible as an exception to the hearsay rule. Such records are self-authenticating pursuant to Fed. R. Evid. 902(11), which provides for the admission of business records if accompanied by a written declaration of a custodian certifying that the records were (1) made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (2) was kept during the regularly conducted activity; and (3) was made by the regularly conducted activity as a regular practice. To admit business records pursuant to a certificate, the party seeking admission must provide written notice in advance of trial to the adverse party to provide the party with an opportunity to challenge the authenticity of the records.

In this case, the government has provided the defense with the business records and the corresponding certificate of the custodian of records for business records of third-party record keeper in this case, CashApp. The government intends to introduce these records pursuant to Fed. R. Evid. 902(11) and has provided the defendant with prior notice of that intention.

Federal Rule of Evidence 803(8) allows for public records to be admissible as an exception to the hearsay rule. Such records are self-authenticating pursuant to Fed. R. Evid. 902(4), which provides for the admission of a copy of an official record, if accompanied by a certification that the copy is correct by (A) the custodian or another person authorized to make the certification; or (B) a certificate that complies with Rule 902(1), (2), or (3). Rule 902(2) provides that a domestic public document that is not sealed but is signed and certified is admissible if "(A) it bears the signature of an officer or employee of an entity named in Rule

902(1)(A); and (B) another public officer who has a seal and official duties within that same entity certifies under seal – or its equivalent – that the signer has the official capacity and that the signature is genuine."

The government has provided the defense with public records and the corresponding certificate of the custodian of the records for the U.S. Department of Homeland Security and U.S. Customs and Border Protection, as well as court-certified records from the RI Family Court case P20212168 (*Abreu v. Abreu*).  The government intends to introduce these records at trial pursuant to Fed. R. Evid. 902(4).

    B.  <u>RI Family Court Transcript of the March 31, 2022 Nominal Hearing</u>

The government also intends to offer into evidence excerpts from the transcript of a court proceeding that occurred in the RI Family Court on March 31, 2022 in the matter captioned *Abreu v. Abreu*.  The transcript is admissible pursuant to Fed. R. Evid. 802, as a federal statute authorizes court reporters to create certifications of court proceeding transcripts.  *See* 28 U.S.C. § 753 ("The transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had.").  In the alternative, it is admissible -- for the purpose of proving that court proceedings involving the defendant occurred -- "as a public record of a matter observed by one with a duty to report, Fed.R.Evid. 803(8), or, assuming a proper foundation after examining the court reporter, it may be read into evidence as past recollection recorded, *id*. 803(5). *See United States v. Arias*, 575 F.2d 253, 254–55 (9th Cir. 1978) ("A trial transcript, although it is hearsay, is nevertheless admissible to prove that the testimony was given and that an oath was taken.") (further citations omitted).

To authenticate the transcript at trial, the government plans to call as a witness the court reporter from the RI Family Court who prepared the transcript. Once the transcript is admitted, the government plans to call another witness who was also present for the hearing, a RI Family Court attorney, to read portions of the transcript into evidence.

The statements of the defendant contained in the transcript are admissible against her as a party-opponent under Federal Rule of Evidence 801(d)(2)(A). *See United States v. Ruiz*, 999 F.3d 742, 748–49 (1st Cir. 2021). Further, the statements of the other participants in the hearing (including the RI Family Court; the Guardian Ad Litem; and the RI Family Court attorney) are admissible for the limited purposes of proving that such statements were made and their effect on the listener, as well as providing an explanation for the party-opponent's portion of the conversation. *See United States v. Cantwell*, 64 F.4th 396, 407 (1st Cir. 2023) (allowing statements by other declarants to be admitted under Fed.R.Evid. 802(d)(2) for the limited purpose of providing an explanation for the party-opponent's portion of the conversation instead of for their truth); *United States v. McDowell*, 918 F.2d 1004, 1007–08 (1st Cir. 1990) (explaining that defendant's recorded statements were plainly not hearsay and defendant could not prevent jury from hearing other segments of a discussion reasonably required to put defendant's statements in context); *Arias*, 575 F.2d at 254–55 (admitting trial transcript to prove the that court testimony was given and an oath was taken).

C. <u>Statements of the Defendant</u>

In addition to the above-referenced RI Family Court transcript, the government intends to present evidence, through testifying witnesses, containing the defendant's statements in the form of oral statements; court filings; email communications; text messages; and electronic financial

4

transactions (e.g., CashApp and PayPal).   It is black-letter law that statements of a defendant are admissible against that defendant under Fed. R. Evid. 801(d)(2)(A) as statements of a party-opponent. *See Cantwell*, 64 F.4th at 407; *Ruiz*, 999 F.3d at 748–49; Fed. R. Evid. 801(d)(2) ("[a] statement is not hearsay if – [t]he statement is offered against a party and is (A) the party's own statement[.]").   Thus, under Rule 801(d)(2), the government may introduce the defendant's statements or admissions against that defendant at trial.

As described above, statements of declarants other than the defendant can also be admitted in the context of the 802(d)(2) evidence "where such statements are offered for a limited purpose -- such as providing an explanation for the party-opponent's portion of the conversation -- but are not admitted for their truth." *Cantwell*, 64 F.4th at 407.   Accordingly, oral and written statements of the RI Family Court, the RI Family Court attorney, Guardian Ad Litem, V.A., and the children may be admissible if offered by the government for the limited purposes of, for example, giving context for the defendant's statements and establishing that certain statements were made to the defendant.   *See id*.

The rule does not, however, permit the defendant to introduce <u>her own</u> statements. *See id.*; *see also* Fed. R. Evid. 801, 803, 804.   Neither does the government's presentation of certain of the defendant's prior statements make her other statements admissible under a rule of completeness. *See United States v. Altvater*, 954 F.3d 45, 50–51 (1st Cir. 2020) (acknowledging that Rule 106 does not apply to unrecorded oral statements). *See also United States v. Jackson*, 180 F.3d 55, 73 (2d Cir. 1999) (rejecting claim under the completeness doctrine that a statement made by the defendant could be admitted because the statement followed an inculpatory admission and noting that "the portions of the tape proffered by [the defendant] consisted largely

of [his] own self-serving statements, which, as offered by him, are inadmissible hearsay). Thus, the defense should be precluded from offering the self-serving hearsay statements of the defendant either independently or in response to the government's introduction of the defendant's statements pursuant to Rule 801(d)(2).

D. Passport Obtained from Defendant at LAX on June 1, 2024

As additional evidence that the defendant took her children out of the country and obtained her passport in the name of Jessica Abreu in May 2022, the government also intends to offer into evidence defendant's passport. The U.S. passport was obtained by law enforcement agents from the defendant upon her exit from the airplane at LAX on June 1, 2024. Special Agent George from the FBI is expected to testify on the witness stand to introduce the evidence.

This document is admissible as a public record pursuant to Fed. R. Evid. 803(8). *See United States v. Ullah*, 282 Fed.Appx.923, 926 (2d Cir. 2008) ("Passports are considered public records under [the Fed.R.Evid. 803(8)] exception."); *United States v. Clarke*, 628 F.Supp.2d 15, 22 (D.D.C. 2009) (passport admissible under Fed. R. Evid. 803(8)(A)). In the alternative, the passport is admissible pursuant to the "residual exception" in Fed. R. Evid. 807, because the document carries "sufficient guarantees of trustworthiness," and the government provided notice to the defendant on April 22, 2025, that it would seek to introduce the defendant's passport at trial. *See Ali v. Rubio*, No. 1:22-cv-02786 (CJN), 2025 WL 901287 (D.D.C. Jan 24, 2025) (statements made in passport applications met residual hearsay exception under Rule 807). *See also United States v. Brown*, 770 F.2d 768, 771 (9th Cir. 1985) (holding defendants' passports admissible under Rule 803(24) exception to hearsay rule where defendants had "opportunity to attack the trustworthiness of the passports"), *cert. denied*, 474 U.S. 1036, 106 S.Ct. 603, 88

6

L.Ed.2d 581 (1985).

IV. <u>EVIDENCE</u>

    A. <u>Witness testimony</u>

        i. S.L.R, civilian: RI Family Court Reporter who is expected to authenticate the transcript from the 3.31.2022 nominal hearing in the defendant's divorce & child custody case. (Expected trial time = approximately 0.25 hr)

        ii. C.T., civilian: RI Family Court attorney who is expected to testify regarding the defendant's divorce & child custody case. (Expected trial time = approximately 2 hrs)

        iii. V.A., civilian: Victim-father. (Expected trial time = approximately 2 hrs)

        iv. Lise George, Federal Bureau of Investigation, Special Agent: Case agent who is expected to testify regarding investigation of the case from 2022-present. (Expected trial time = approximately 1 hr)

        v. N.A., civilian: Minor child who may not be called depending on the Court's ruling on the government's Motion *in Limine*. (Expected trial time = approximately 1 hr)

        vi. B.C., civilian: RI Family Court Guardian Ad Litem who may not be called depending on the Court's ruling on the government's Motion *in Limine*. (Expected trial time = approximately 1 hr)

    B. <u>Documents</u>

        i. CashApp records

        ii. RI Family Court records & hearing transcript

        iii. Certified Customs & Border Patrol border crossing records

        iv. U.S. Passport – Jessica Abreu

        v. Parental Consent Form for International Travel

    C. <u>Electronic Evidence</u>

      i. Text messages

      ii. Email communications

      iii. Photographs of financial transactions on CashApp & PayPal

      iv. YouTube post by the defendant documenting travel to Tanzania

      v. Video of children returning to LAX

### IV. VOIR DIRE & JURY INSTRUCTIONS

The government will file its proposed voir dire questions and jury instructions under separate cover closer to trial.

### V. EXHIBITS

The government has provided the defense with an exhibit list and exhibits to date. In accordance with the Final Pretrial Conference Notice & Order, it will submit an exhibit list under separate cover on CM/ECF prior to the commencement of trial.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

SARA M. BLOOM
ACTING UNITED STATES ATTORNEY

/s/ Christine Lowell
/s/ John McAdams
CHRISTINE LOWELL
JOHN MCADAMS
Assistant U. S. Attorneys
U.S. Attorney's Office
One Financial Plaza, 17th Floor
Providence, RI 02903
Tel (401) 709-5000/Fax (401) 709-5001
Christine.lowell@usdoj.gov
John.P.McAdams@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on June 11, 2025, I caused a copy of the within "Government's Trial Memorandum" to be filed electronically such that it is available for viewing and downloading from the ECF system by standby counsel. Additionally, I caused a copy to be mailed to Defendant Jessica Abreu at the Wyatt Detention Center in Central Falls, RI.

    /s/ Christine Lowell
CHRISTINE LOWELL
Assistant U. S. Attorney
U.S. Attorney's Office
One Financial Plaza, 17th Floor
Providence, RI 02903
Tel (401) 709-5000/Fax (401) 709-5001
Christine.lowell@usdoj.gov